UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LOUIS F. HOUSE, III                                                                 Plaintiff

v.                                                  Civil Action No. 3:19-cv-P451-RGJ

LMDC *et al.*,                                                     Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Louis F. House, III, leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but allow him the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff was previously incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He brings this suit against LMDC and LMDC Jailer Mark Bolton. He does not indicate in what capacity he sues Defendant Bolton.

Plaintiff alleges that prior to his incarceration at LMDC, he was shot eight times – once in the back, once is his chest, twice in his left arm, once in his left thigh, twice in his right thigh, and once in his "achilles." Plaintiff states that upon his arrival at LMDC he showed the nurses his open gunshot wounds and walked through the metal detector to show them that he still had bullets in his legs. Plaintiff states that he was told that he would be placed on the medical floor where he would be seen by a nurse everyday but that he never was. Plaintiff alleges that he continued to show various nurses and correctional officers his gunshot wounds but none of them did anything about it.

Plaintiff next alleges that he was attacked by at least eight inmates. He claims that they "busted my gunshot wounds open, I felt my left leg heating up where my bullet is stuck in my leg. I had bruises and knots on my left arm where I was shot twice." Plaintiff states that he was then put in a room where pictures were taken of his body and where he was seen by a nurse who observed that he had "busted open gunshot wounds" which were bleeding. Plaintiff alleges that he was still not "placed on medical floor and dorm" and that he never had "follow ups or check ups from a doctor or nurse after the incident."

He concludes his complaint as follows:

> I still have open gunshot wounds and I notified every correction officer an nurse on this floor. I still have pains in my chest from where I was shot. I have been in [LMDC] since May 16th, 2019, today is June 16th and I have not seen a doctor unless my gun shot wounds starts to bleed to the point where they have no choice but to see me. . . . I am still in general population where I can barely protect myself if any altercation was to go on. I still have pains in my arm from where I was kicked and jumped by other inmates.[1]

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] The docket sheet reflects that Plaintiff was no longer incarcerated at LMDC as of July 8, 2019 (DN 7).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Defendant LMDC

LMDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against it are actually against the Louisville Metro Government as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a policy or custom implemented or endorsed by the Louisville Metro Government. Thus, the Court will dismiss Plaintiff's claims against LMDC for failure to state a claim upon which relief may be granted.

**B. Defendant Bolton**

Plaintiff does not indicate in what capacity he sues Defendant Bolton or make any specific allegations against him. However, to the extent that Plaintiff seeks to hold Defendant Bolton liable in his role as "Jailer" of LMDC, Plaintiff's claims against him fail.

"*Respondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id*. (internal quotations omitted). Indeed, "[i]n order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, because Plaintiff has failed to allege that Defendant Bolton was personally involved in any active unconstitutional conduct, Plaintiff's claims against him will also be dismissed for failure to state a claim upon which relief may be granted.

### C. Amended Complaint

The Court, however, will allow Plaintiff the opportunity to amend his complaint to name as Defendants any individuals at LMDC whom he believes has violated his constitutional rights. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against LMDC and Defendant Bolton are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED to terminate these Defendants as parties to this action.**

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he identifies any individuals at LMDC who have allegedly violated his rights, names them as Defendants in this action, specifies that he is suing these Defendants in their individual capacities, and describes how each Defendant violated his constitutional rights by including details such as which Defendant purportedly did what and when.** Plaintiff should submit a completed summons form for each newly named Defendant within the same 30-day period.[2]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information**

---

[2] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

**within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date: November 20, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Bolton
Jefferson County Attorney
A961.011